IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM PURCELL, | ) |
| | ) |
| Plaintiff, | ) Civil Action No. 00-0181J |
| | ) |
| v. | ) United States District Judge Gibson |
| | ) United States Magistrate Judge Lenihan |
| THE PENNSYLVANIA DEPARTMENT | ) |
| OF CORRECTIONS, et al., | ) Re: Doc. No. 185 |
| | ) |
| Defendants. | ) |

**MEMORANDUM OPINION ON PLAINTIFF'S EMERGENCY PETITION FOR
REINSTATEMENT OF FAILURE TO ACCOMMODATE DISABILITIES CLAIM**

GIBSON, District Judge

Presently before this Court is Plaintiff Purcell's motion seeking an order reinstating Plaintiff's ADA claim that SCI-LH failed or refused to properly and adequately train and educate the SCI-LH staff regarding Plaintiff's Tourette's Syndrome and other conditions. On January 26, 2004, Magistrate Judge Francis X. Caiazza, inter alia, granted the DOC's Motion for Summary Judgment as to this issue at Doc. No. 152. On January 27, 2004, Plaintiff filed a Motion for Emergency Copies of Docket Entries at Doc. No. 151. On February 2, 2004, Plaintiff Purcell filed a Motion to extend time to file his objections to the Magistrate Judge's Report and Recommendation and for Clarification of the Report and Recommendation at Doc. No. 153. The Magistrate Judge denied Plaintiff's Motion for Emergency Copies of Docket Entries as the Court had provided the Plaintiff with second copies of documents in the past even though all orders of court had been served on Plaintiff, and all pleadings of Defendant contained proof of service.

(Doc. No. 154 at p. 1.) Also at Doc. No. 154, the Magistrate Judge extended the time for Plaintiff to file his objections to the Report and Recommendation, but denied Plaintiff's Motion for Clarification. At Doc. No. 156, Plaintiff Purcell requested a second extension of time in which to file his objections to the Magistrate Judge's Report and Recommendation which was denied at Doc. No. 157. Thereafter, this Court adopted the Magistrate Judge's Report and Recommendation at Doc. No. 158.

Pursuant to the Magistrate's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.1.4(B) of the Local Rules for Magistrates, parties are allowed ten (10) days from the date of service of a Report and Recommendation to file objections. Plaintiff Purcell was given notice of this filing requirement at conclusion of the Magistrate's Report and Recommendation. See Doc. # 152 at p. 20. Moreover, he was granted an extension of time in which to file these objections. See Doc. # 154. Further, upon this Court's adoption of the Magistrate Judge's Report and Recommendation entered on March 2, 2004, Plaintiff filed a Motion to Vacate at Doc. No.163. This Court, pursuant to its Memorandum Opinion and Order at Doc. No. 169 entered on September 24, 2004, discussed in detail its reasons for denying the Motion to Vacate at pages 27- 36 of the Memorandum Opinion. The Motion presently before this Court to reinstate the ADA claim is yet another attempt by Plaintiff to revisit his Motion to Vacate. This Court refers Plaintiff to its detailed Memorandum Opinion and Order at Doc. No. 169 denying Plaintiff's Motion to Vacate.

CONCLUSION

For the reasons discussed above, Plaintiff's Emergency Petition for Reinstatement of Failure to Accommodate Disabilities claim will be denied.

_____
Kim R. Gibson
United States District Judge

Dated: March 27, 2006

cc:  Tim Purcell
     AS-2217
     SCI Laurel Highland
     5706 Glades Pike
     P.O. Box 631
     Somerset, PA 15501-0631

     Kemal Alexander Mericli
     Susan J. Forney
     Office of the Attorney General
     Civil Litigation Section
     564 Forbes Avenue
     6th Floor, Manor Complex
     Pittsburgh, PA 15219

     Richard S. Dorfzaun
     Dickie, McCamey & Chilcote
     Two PPG Place
     Suite 400
     Pittsburgh, PA 15222-5402