IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM PURCELL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CIVIL ACTION NO. 00-181J |
| v. | ) |
| | ) |
| PENNSYLVANIA DEPARTMENT OF | ) JUDGE GIBSON/ |
| CORRECTIONS, *et al.*, | ) MAGISTRATE JUDGE LENIHAN |
| | ) |
| Defendants. | ) |

## Memorandum Opinion and Order of Court

**GIBSON, J.**

This matter comes before the Court on the Plaintiff's *pro se* Motion to Vacate Judgment and For Rule 54(b) Immediate Appeal Certification, Etc. (Document No. 212). For the reasons stated herein, the Court will deny the motion.

The *pro se* Plaintiff is currently housed at the State Correctional Institution at Laurel Highlands, Somerset County, Pennsylvania. He is afflicted with several medical conditions including Tourette's Syndrome, which can manifest itself in the Plaintiff through uncontrollable facial or body twitches and/or use of verbal obscenities (known as coprolalia), Attention Deficit Disorder, Attention Hyperactivity Disorder and Diabetes Mellitus. A jury trial on the Plaintiff's allegations of violations of the American with Disabilities Act (hereinafter "ADA") and Rehabilitation Act (hereinafter "RA") is scheduled for the week of September 18, 2006, with jury selection scheduled for September 11, 2006. The Court denied the Plaintiff's most recent request for counsel through a Memorandum Opinion and Order dated May 30, 2006 wherein the Court, applying the analysis set forth in *Tabron v. Grace*, 6 F.3d 147, 153 (3d Cir. 1993), stated that it cannot conclude "that the Plaintiff's remaining claims have

factual or legal merit sufficient to justify this Court to request representation for the Plaintiff from a member of this bar pursuant to 28 U.S.C. § 1915(e)." *Purcell v. Pa. Dep't. of Corrections*, No. 00-181J, slip op. at 4 (W.D.Pa. May 30, 2006).

The *pro se* Plaintiff has presented to the Court a motion which he entitles Motion to Vacate Judgment and for Rule 54(b) Immediate Appeal Certification, Etc., seeking an order vacating its previous ruling denying appointment of counsel under 28 U.S.C. § 1915(e) and appointing counsel for the Plaintiff.

The Plaintiff moves under Federal Rule of Civil Procedure 59(e) to vacate the Court's order of May 30, 2006, however, because the Court is required to construe liberally *pro se* filings,[1] the Court construes this motion as a motion for reconsideration of that order. Plaintiff's Memorandum (Document No. 214), p. 4. This is so because F.R.C.P. 59(e) permits the altering or amending of a judgment if a motion requesting such relief is filed within ten days of the entry of judgment. The Court's order of May 30, 2006 is an order denying appointment of counsel under 28 U.S.C. § 1915(e), not an entry of judgment. Therefore, the Plaintiff's motion under Rule 59(e) is not proper under that rule, but will be considered generally as a motion to reconsider. The Court will do this because the *pro se* Plaintiff presents argument and exhibits in support in an attempt to demonstrate to the Court that his claims have arguable merit under the Americans with Disabilities Act and Rehabilitation Act, and concentrates his argument on the DOC's failure to exempt the Plaintiff from the policy requiring inmates to follow the last order given, DOC's failure to distribute a memorandum to its personnel

---

[1] A *pro se* plaintiff's motions and pleadings are to be interpreted "with less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652, 654 (1972). Courts "must liberally construe [*pro se*] pleadings, and...apply the applicable law, irrespective of whether the *pro se* litigant has mentioned it by name." *Dhulos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). *See also Ryales v. Phoenixville School District*, 177 F.Supp.2d 391, 395 (E.D.Pa. 2001).

regarding the Plaintiff's Tourette's Syndrome symptoms, and the placement of a memorandum in the Plaintiff's DOC file that referred to the Plaintiff as a "malingerer."

In the Memorandum Opinion and Order dated May 30, 2006, following the analysis set forth in *Tabron v. Grace*, 6 F.3d 147 (3d Cir. 1993), it was determined by the Court that "[a]t this juncture,...[it] cannot conclude that the Plaintiff's remaining claims have factual or legal merit sufficient to justify this Court to request representation for the Plaintiff from a member of this bar pursuant to 28 U.S.C. § 1915(e)." *Purcell v. Pa. Dep't of Corrections*, C.A.No. 00-181J, slip op. at p. 4 (W.D.PA. May 30, 2006). This was the threshold consideration set forth in *Tabron* for evaluating the request for appointment of counsel. *Tabron* at 155. In *Tabron*, the Court of Appeals for the Third Circuit noted that its opinion in *Ray, infra*, did recognize the discretionary power of a district court to appoint counsel for indigents, but that it also refused to set forth any standards for such appointments. *Tabron* at 154. The *Tabron* opinion does set forth factors to be utilized in assessing a request for the appointment of counsel for indigents. However, the litigant must satisfy the threshold question of whether his "claim has arguable merit in fact and law." *Tabron* at 155. After satisfying this inquiry, the Court then must consider the circumstances and nature of the Plaintiff's civil action and evidence sought to be discovered, used and introduced at trial, abilities to represent himself, and resources available to him among other factors applicable to the situation. *Tabron* at 156.

The Court still finds that the Plaintiff's claims do not satisfy the threshold requirement of arguable merit in law and in fact. After review of the Plaintiff's Memorandum and exhibits, the Court will deny the motion to reconsider. After reviewing the Plaintiff's arguments and exhibits, the Court believes that the Plaintiff's case still lacks arguable merit in its facts and the applicable laws to warrant further consideration of the factors set forth in *Tabron*.

3

The Plaintiff requested permission to appeal if the Court denied this motion. The Plaintiff presents his intention to appeal through his motion to the Court to direct entry of final judgment as to this issue under Federal Rule of Civil Procedure 54(b). The Court will liberally interpret this Motion as one for Certification under Rule 54(b) or in the alternative a Motion for Certification of an Interlocutory Appeal pursuant to 28 U.S.C. § 1292(b) or Motion for Leave to Appeal a Collateral Order. The denial of the Plaintiff's motion for reconsideration is not a decision on one of the Plaintiff's claims, but rather concerns the issue of appointment of counsel for the Plaintiff. Rule 54(b) would apply to the Plaintiff's claims in his Complaint made under the Americans with Disabilities Act or the Rehabilitation Act but not his ancillary request for legal representation. Because the Plaintiff is not prosecuting this action to obtain court appointed legal representation among his other substantive claims, the Plaintiff's request is inappropriate under Rule 54(b). Therefore, the Court finds that entry of Judgment under Rule 54(b) is not proper after a denial of a *pro se* plaintiff's request for court-appointed legal representation.

Nevertheless, the Court must consider other procedural alternatives which may permit Plaintiff to appeal today's order of Court denying the Plaintiff's motions. First, it is noted that the denial of counsel is not a final decision of a district court and, therefore, not appealable under 28 U.S.C. § 1291. *Smith-Bey v. Petsock*, 741 F.2d 22, 23 (3d Cir. 1984). The Court's order also does not qualify as an interlocutory order appealable under 28 U.S.C. § 1292(a) and the Court does not certify this motion as concerning a controlling question of law under 28 U.S.C. § 1292(b). The Court's review of that statute reveals no basis to permit an appeal to the Third Circuit Court of Appeals. Therefore, to be appealable the Court's order must qualify as a collateral order under the collateral order doctrine announced in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). *Smith-*

4

*Bey* at 23.

The Court of Appeals for the Third Circuit has previously concluded that an order denying a *pro se* litigant's request for the appointment of counsel in a civil action is an appealable order under the collateral order doctrine. *See Ray, et al. v. Robinson et al.*, 640 F.2d 474 (3d Cir. 1981)(concluding that denial of counsel was an appealable collateral order and overturning district court's denial of appointment of counsel citing to 28 U.S.C. § 1915(d) (now § 1915(e)) as the basis for appointment of counsel for indigent civil litigants); *Spanos v. Penn Central Transportation Co.*, 470 F.2d 806 (3d Cir. 1972)(concluding that order denying appointment of counsel under 42 U.S.C. § 2000e-5(e) was an appealable collateral order). However, the decision in *Ray* has since been recognized as overruled in *Smith-Bey v. Petsock, infra*.

To qualify as a collateral order, the order must fall within the following three parameters: "'(T)he order must conclusively determine the disputed question, resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment.'" *Ray, et al. v. Robinson et al.*, 640 F.2d 474, 476 (3d Cir. 1981)(citing *Firestone Tire & Rubber Co. V. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978)). In *Ray,* District Judge Bloch denied an indigent prisoner's request for the appointment of counsel "(b)ecause there are no provisions in law for the appointment of counsel at the expense of the government to prosecute prisoner civil rights actions, the plaintiffs' motion for reconsideration [of the order denying the appointment of counsel] must also be denied" *Ray* at 476. The Court of Appeals for the Third Circuit reversed finding preliminarily that Judge Bloch's order was appealable and then concluding that the matter was to be remanded to the district court to determine if counsel should be appointed under 28 U.S.C. § 1915(d),

now § 1915(e). *Ray* at 478. Within its *Ray* opinion, the Court of Appeals, in consideration of the second part of the collateral order test, noted that the issue of appointment of counsel was outside of the merits of the civil action, but "[h]ad the district court exercised its discretion to deny counsel on the ground that plaintiff's claim on its face lacked merit, it might be more difficult to meet the separability requirement. That was not the reason articulated by the district court for its decision." *Ray* at 477. However, in the case *sub judice*, that was the reason for this Court's denial of appointment of counsel in its May 30, 2006 Order. Subsequently, the *Ray* decision concerning the issue of appealability of denial of counsel orders was re-visited.

Three years after the decision in *Ray*, the Court of Appeals for the Third Circuit decided the very issue that had not been before it in *Ray*, but is before this Court now. In *Smith-Bey v. Petsock*, 741 F.2d 22 (3d Cir 1984) the Third Circuit considered the issue of an interlocutory appeal from an order denying appointment of counsel under 28 U.S.C. § 1915(d) (now § 1915(e)) for an indigent prisoner who had filed a civil rights complaint. District Judge Diamond adopted the recommendation of Magistrate Judge Mitchell, which was to deny the request without prejudice because counsel would not "materially further the litigation" and that the "policy of the court [was to] limit[] plaintiffs' request for attorneys to cases presenting a colorable claim in which the plaintiff appears to lack the capacity to represent himself adequately." *Smith-Bey* at 22-23. The Third Circuit conducted its analysis in light of the then recent case of *Flanagan v. United States*, 465 U.S. 259, 104 S.Ct. 1051, 79 L.Ed.2d 288 (1984), which addressed the "appealability of pretrial orders." *Smith-Bey* at 23. The *Smith-Bey* court concluded that *Flanagan* overruled the *Ray* decision and "that [an order denying appointment of counsel] sought to be reviewed may be reviewed only on appeal from the final judgment to be entered in the case." *Smith-Bey* at 26.

6

In *Smith-Bey*, the Third Circuit reviewed the collateral order doctrine set forth in *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed.1528 (1949), and refined in *Firestone Tire & Rubber Co. v. Risjord*, 449 U.S. 368, 101 S.Ct. 669, 66 L.Ed.2d 571 (1981) and *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454, 57 L.Ed.2d 351 (1978) and used in determining if an order is a member of "a small class of other immediately appealable interlocutory orders." *Smith-Bey* at 23. As to the first parameter the Court concluded that Judge Diamond's order was not final and as to the third parameter, concluded that the denial of counsel would be reviewable on appeal from final judgment and could be remedied through the allowance of a new trial. *Smith-Bey* at 25-26. As to the second parameter of separability from the merits, on which we focus here, the Third Circuit reviewed the analysis of Magistrate Judge Mitchell, as adopted by Judge Diamond, and concluded the following:

> We stated in *Ray* that "Had the district court exercised its discretion to deny counsel on the ground that plaintiff's claim on its face lacked merit, it might be more difficult to meet the separability requirement." 640 F2d at 477. The case thus envisaged in *Ray* is squarely presented to us here. In denying counsel here the court did so on the ground that Smith-Bey did not need the assistance of counsel in presenting the non-complex issue in the case. In thus exercising its discretion the court had necessarily to consider the merits of his claim, the issues "enmeshed" in his cause of action, in order to determine whether he was likely to be prejudiced by the refusal of counsel.

*Smith-Bey v. Petsock*, 741 F.2d 22, 24 (3d Cir. 1984). The same case is before this Court.

As to the first prong of *Cohen*, the Court finds that its order of May 30, 2006, while explicitly denying the Plaintiff's request for appointment of counsel, had analyzed such request based upon the procedural posture and circumstances known to it at that time when it qualified its analysis of the merits of the Plaintiff's claim by use of the descriptive phase, "at this juncture." *See, infra*. The Court did not deny the Plaintiff's motion with prejudice, and now has before it in substance a motion for

7

reconsideration. However, the scheduled pretrial conference has not yet been conducted in this matter and, therefore, the Court is unaware of the character and shape the impending trial will take, the number of witnesses, types of exhibits and so forth. The Court can appoint counsel for the Plaintiff *upon the* Plaintiff's motion or *sua sponte* "at any point in the litigation." *Tabron v. Grace*, 6 F.3d 147, 156 (3d Cir. 1993). Therefore, the Court concludes that the issue of whether to appoint counsel for the Plaintiff has not been finally determined despite the fact that the Court today denies the Plaintiff's motion for reconsideration. As to the second *Cohen* parameter, this Court dismissed the Plaintiff's earlier motion for appointment of counsel on May 30, 2006 because of his failure to meet the threshold requirement found in *Tabron* that his case have merit in fact and in law. Therefore, this Court has previously reviewed the merits of the case *sub judice* as it did again for the present motion for reconsideration and in both instances the Court determined that the second condition under *Cohen* has not been met at this time. Finally as to the third parameter of *Cohen*, that today's order denying counsel will not receive a meaningful review on an appeal from a final judgment in this matter, the Court is compelled to follow the precedent of *Smith-Bey* as it analyzed the same issue that is before the Court today. Therefore, the Court finds as to the third parameter that an order of a new trial on appeal from final judgment can remedy a finding of error by a court of appeals in the district court's denial of the appointment of counsel. *Smith-Bey* at 25-26. Therefore, the denial of the Plaintiff's motion in the case *sub judice* is not an appealable order at this time, but must await the entry of final judgment in this matter as to all of the Plaintiff's claims.

An appropriate Order follows.

**AND NOW** this 5th day of July 2006, this matter coming before the Court on the Plaintiff's *pro se* Motion to Vacate Judgment and For Rule 54(b) Immediate Appeal Certification, Etc. (Document No. 212), in accordance with the foregoing Memorandum Opinion, IT IS HEREBY ORDERED THAT the Plaintiff's Motion to Vacate is DENIED; IT IS FURTHER ORDERED THAT the Plaintiff's Motion for Rule 54(b) Immediate Appeal Certification, Etc. is DENIED.

**BY THE COURT:**

**KIM R. GIBSON,
UNITED STATES DISTRICT JUDGE**