IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TIM PURCELL, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 00 - 181J |
| | ) | |
| v. | ) | |
| | ) | United States Magistrate Judge Lenihan |
| THE PENNSYLVANIA DEPARTMENT OF CORRECTIONS, et al., | ) ) | Re: Doc. No. 239 |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER ON PLAINTIFF'S EMERGENCY MATTER MOTION

At the Pre-Trial conference held before Judge Gibson on October 12, 2006 Plaintiff handed the Court and opposing counsel a hand written document entitled "Emergency Matter Motion." The allegations in the document were not emergencies, but rather complaints Plaintiff was being retaliated against by a corrections officer due to the fact that Plaintiff had placed that officer on his witness list for trial. (Doc. No. 239). The Court ordered Defendants to respond to the motion no later than October 25, 2006. A timely response was filed (Doc. No. 245). In the interim, Plaintiff filed a complaint that the Court apparently was not responding to his concerns quickly enough (Doc. No. 244).

The Court notes that it granted Plaintiff's request for counsel and is actively engaged in finding counsel competent and willing to undertake his representation. This is far from a simple matter. Few lawyers are trained to handle what Plaintiff has made into a very complex lawsuit. In addition, the Court is asking counsel to handle the case pro bono, without compensation.

The Court further notes that Defendants are entitled to a reasonable amount of time to respond to Plaintiff's allegations. A response was filed within said reasonable time. In addition,

Plaintiff is now alleging that retaliatory actions were taken against him due to the pursuit of this lawsuit. While Plaintiff may believe that this is a related matter, the Court is reticent to try a lawsuit within a lawsuit, particularly without Plaintiff having complied with the congressionally mandated grievance procedures. Defendants have filed what the Court considers to be a reasoned response to Plaintiff's Motion, indicating that disciplinary actions were taken against Plaintiff for infractions. Plaintiff, no doubt, disagrees; however this Court cannot try this factual issue at this time and would prefer to get on with preparing this case for trial and locating counsel to represent Plaintiff. In addition, nothing Plaintiff complains of places him in imminent danger of harm. Most of his alleged harm will in fact be remedied once counsel is appointed.

For the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Emergency Matter Motion is **DENIED**.

    s/Lisa Pupo Lenihan  
Lisa Pupo Lenihan  
United States Magistrate Judge

Dated: October 31, 2006

cc:    Tim Purcell  
       AS-2217  
       SCI Laurel Highland  
       5706 Glades Pike  
       P.O. Box 631  
       Somerset, PA 15501-0631

       Counsel of Record.