IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TIM PURCELL, ) | |
| ) | Civil Action No. 00 - 181J |
| Plaintiff, ) | |
| ) | United States Magistrate Judge Lenihan |
| v. ) | |
| ) | |
| THE PENNSYLVANIA DEPARTMENT ) | |
| OF CORRECTIONS, et al., ) | Re: Doc. No. 247 |
| ) | |
| Defendants. ) | |

**MEMORANDUM ORDER ON PLAINTIFF'S MOTION TO VACATE, MOTION FOR RECUSAL, AND MOTION FOR RULE 54(b) IMMEDIATE APPEAL CERTIFICATION**

This case is presently before the Court on Plaintiff's Motion to Vacate this Court's Memorandum Order at Document No. 246 which denied Plaintiff's Emergency Matter Motion (Doc. No. 236). Plaintiff also moves at this time for recusal of the undersigned, as well as an immediate appeal certification pursuant to Federal Rule of Civil Procedure 54(b). For the reasons that follow, all three motions are denied.

First, Plaintiff's Motion to Vacate this Court's Order (Doc. No. 246) denying Plaintiff's Emergency Matter Motion (Doc. No. 239) pursuant to Federal Rule of Civil Procedure 59 (e) must be denied as this Court's Order on Plaintiff's Emergency Motion is not a final judgment. Federal Rule of Civil Procedure 59 (e) provides as follows:

> Rule 59.  New Trials; Amendment of Judgments
> (e) Motion to Alter or Amend Judgment. Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment.

Fed. R. Civ. P. 59 (e). Although Plaintiff is now represented by counsel, he filed the motions

currently before the Court, pro se.  Employing less stringent standards when considering pro se submissions than when judging the work product of an attorney, and affording Plaintiff every reasonable inference, this Court shall treat this motion to vacate as one for reconsideration of its Memorandum Order of October 31, 2006 (Doc. No. 246).  See Haines v. Kerner, 404 U.S. 519 (1972).

In his Emergency Matter Motion (Doc. No. 239), Plaintiff argues that retaliatory actions were taken against him due to the pursuit of this lawsuit.  Again, affording Plaintiff every reasonable inference, Plaintiff appears to request that this court grant a temporary restraining order with regard to the conduct complained of in his Emergency Matter Motion.

A temporary restraining order is an extraordinary remedy that should be used sparingly and only in clear cases.  See Gunn v. University Comm. to End War in Vietnam, 399 U.S. 383, 389 (1970) ("An injunctive order is an extraordinary writ, enforceable by the power of contempt."); Plain Dealer Publ'g Co. v. Cleveland Type. Union # 53, 520 F.2d 1220, 1230 (6th Cir. 1975), cert. denied, 428 U.S. 909 (1976).  The issuance of a temporary restraining order is with the sound discretion of the district court.  See Chemical Bank v. Haseotes, 13 F.3d 569, 573 (2d Cir. 1994); see e.g., American Can Co. V. Mansukhani, 742 F.2d 314, 321-22 (7th Cir. 1984). The movant carries the burden of persuasion.  Mazurek v. Armstrong, 520 U.S. 968, 972 (1997).

The factors to be considered by the court in assessing whether to issue a temporary restraining order are similar to the factors considered in evaluating a motion for preliminary injunction.  A court must consider whether the movant has shown a reasonable probability of success on the merits;  (2) whether the movant will be irreparably harmed by denial of the relief; (3) whether granting the temporary restraining order will result in even

greater harm to the nonmoving party; and (4) whether granting the relief will be in the public interest.  American Civil Liberties Union v. Reno, 217 F.3d 162, 172 (3d Cir. 2000), vacated on other grounds and remanded sub nom., Ashcroft v. American Civil Liberties Union, 535 U.S. 564 (2002).  More specifically, with regard to the fourth prong, one seeking a temporary restraining order must show that the issuance of the injunctive relief would not be adverse to the public interest.  Dominion Video Satellite, Inc. v. EchoStar Satellite Corp., 269 F.3d 1149, 1154 (10th Cir. 2001).

With respect to the "irreparable harm" prong of proving entitlement to a temporary restraining order, the Court of Appeals for the Third Circuit has emphasized that the "key aspect of this prerequisite is proof that the feared injury is irreparable; mere injury, even if serious or substantial, is not sufficient." United States v. Commonwealth of Pennsylvania, 533 F.2d 107, 110 (3d Cir. 1976).  Additionally, in carrying his burden to show irreparable harm, a plaintiff must make a clear showing that irreparable harm will occur immediately.  See ECRI v. McGraw- Hill, Inc., 809 F.2d 223, 226 (3d Cir. 1987).  "[A] showing of irreparable harm is insufficient if the harm will occur only in the indefinite future.  Rather, the moving party must make a clear showing of immediate irreparable harm." Campbell Soup Co. v. ConAgra, Inc., 977 F.2d 86, 91 (3d Cir. 1992) (internal quotations omitted) (emphasis added by Campbell Soup Co. court).  Indeed, the Court of Appeals for the Third Circuit "insisted that the risk of irreparable harm must not be speculative." Adams v. Freedom Forge Corp., 204 F.3d 475, 488 (3d Cir. 2000).

Here, Plaintiff could not show that he was in danger of immediate, irreparable harm, and consequently, this Court properly denied his Motion for Emergency Relief at Doc. No.

239.

Next, Plaintiff moves for the recusal of the undersigned, claiming at various points in his supporting memorandum (Doc. No. 248) that this Court is biased and prejudiced against this Plaintiff as allegedly demonstrated by language employed in its ruling.  See Doc. No. 248 at pp. 9, 22-23.

Pursuant to 28 U.S.C. § 455(a), a Magistrate Judge must "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  Disqualification under this provision is required if "a reasonable person, with knowledge of all the facts, would conclude that the judge's impartiality might reasonably be questioned."  In re Kensington Int'l, Ltd., 368 F.3d 289, 301 (3d Cir. 2004).  Actual bias need not be shown.  Id. at 301.  The movant, however, must show objective facts that support his position, rather than mere speculation.  See U.S. v. Martorano, 866 F.2d 62, 68 (3d Cir. 1989).  Further, the movant must demonstrate an extrajudicial factor in his beliefs or opinions that support his claim for recusal, beyond that which has occurred in the proceedings.  Selkridge v. United of Omaha Life Ins. Co., 360 F.3d 155, 167 (3d Cir. 2004).  Moreover, adverse legal rulings are not proof of prejudice or bias and almost never a basis for recusal.  See Liteky v. United States, 510 U.S. 540 (1994); Securacomm Consulting, Inc. v. Securacom, Inc., 224 F.3d 273, 278 (3d Cir. 2000).

Here, Plaintiff can make no such demonstration; his arguments for recusal are based upon no extrajudicial factors, but upon this Court's adverse legal rulings.  Therefore, Plaintiff's Motion for Recusal must be denied.

Finally, Plaintiff moves for a Rule 54 (b) Immediate Appeal Certification.  Federal Rule of Civil Procedure 54 (b) provides, in relevant part, as follows:

>Rule 54.	Judgments; Costs
>. . .
>	(b) Judgment upon Multiple Claims or Involving Multiple Parties.  When more than one claim for relief is presented in an action, . . . the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon express direction for the entry of judgment.  In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

Fed. R. Civ. P. 54 (b).  Plaintiff requests that this court immediately certify for appeal those matters argued in his Emergency Matter Motion (Doc. No. 239).  The United States Court of Appeals for the Third Circuit has explained that Rule 54 (b) was designed to "strike a balance between the undesirability of piecemeal appeals and the need for making review available at a time that best serves the needs of the parties."  Allis-Chambers Corp. v. Philadelphia Elec. Co., 521 F.2d 360, 363 (3d Cir. 1975), quoted with approval in, Berckeley Investment Group, LTD. v. Colkitt, 455 F.3d 195, 202 (3d Cir. 2006).  In order to certify a court's decision under Rule 54 (b), there must be a final judgment on the merits, that is, a disposition on a cognizable claim for relief; and there is "no just cause for delay."  Curtiss-Wright Corp. v. General Elec. Co., 446 U.S. 1, 7-8 (1980).

	As noted above, this Court's October 31, 2006 Memorandum Order on Plaintiff's Emergency Matter Motion is not a final judgment.  It does not end the litigation on the merits leaving "nothing for the court to do but execute the judgment."  Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 712 (1996) (quoting Catlin v. United States, 324 U.S. 229, 233 (1945)).  Therefore, this Court may not immediately certify this Order for Appeal and Plaintiff's motion

must be denied.

        For the reasons discussed above, **IT IS HEREBY ORDERED** that Plaintiff's Motion to Vacate Judgment; Motion for Recusal; and /or for Rule 54 (b) Immediate Appeal Certification (Doc. No. 247) are **DENIED.**

                                                         s/Lisa Pupo Lenihan
                                                         Lisa Pupo Lenihan
                                                         United States Magistrate Judge

Dated: March 22, 2007

cc:      Tim Purcell
           AS-2217
           SCI Laurel Highland
           5706 Glades Pike
           P.O. Box 631
           Somerset, PA 15501-0631

           All counsel of record